IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 8, 2011

**EMMANUEL S. TROTTER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. 40100449     John H. Gasaway, Judge**

_____

**No. M2009-02146-CCA-R3-PC - Filed June 16, 2011**

_____

The Petitioner, Emmanuel S. Trotter, appeals from the Montgomery County Circuit Court's dismissal of his petition for post-conviction relief. In this appeal as of right, the Petitioner contends that the post-conviction court erroneously dismissed his petition as untimely when due process concerns necessitated tolling of the statute of limitations. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Nick T. Tooley, Clarksville, Tennessee, for the appellant, Emmanuel S. Trotter.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur F. Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following a jury trial at which the Petitioner represented himself with the aid of appointed counsel, the Petitioner received an effective sentence of 55 years for his convictions of criminally negligent homicide, especially aggravated burglary, criminal attempt to commit especially aggravated robbery, and second degree murder. On direct appeal, the Petitioner challenged his waiver of his right to counsel, the sufficiency of the corroborating evidence of the accomplice testimony, and the sufficiency of the evidence. State v. Emmanuel S. Trotter, No. M2003-02292-CCA-R3-CD, 2005 WL 292425 (Tenn. Crim. App. Jan. 31, 2005), perm. app. denied (Tenn. May 31, 2005).

On September 4, 2008, the Petitioner filed a petition for post-conviction relief, challenging the performance of appellate counsel and alleging that due process concerns necessitated the tolling of the statute of limitations when appellate counsel continued to act as his attorney but did not inform him of his right to seek post-conviction relief until after the statute of limitations had expired. The post-conviction court held an evidentiary hearing to determine whether the petition should be dismissed because it was filed outside of the statute of limitations.

The Petitioner testified that he and appellate counsel worked together on his direct appeal and his application for permission to appeal to the supreme court. He stated that he drafted his application for permission to appeal but that appellate counsel reviewed the draft before submitting it the supreme court. The Petitioner testified that after his application for permission to appeal was denied, appellate counsel continued to act as his attorney and never effectively withdrew from his case. He stated that he continually asked appellate counsel if there was any other avenue in which to attack his convictions and sentence. He said that despite his continued requests for assistance and guidance, appellate counsel never told him about the availability of petitioning for post-conviction relief until after the statute of limitations had expired. The Petitioner testified that until appellate counsel visited him on July 7, 2008, he believed that she was representing him in his case. On July 7, 2008, appellate counsel told him that she could no longer act as his attorney.

In support of his assertions, the Petitioner admitted some of the letters that he had received from counsel and some of the letters that he had written to counsel. In the letters from appellate counsel, counsel referred to herself as the Petitioner's attorney and friend. It is evident from all of the letters that appellate counsel continually assisted the Petitioner with personal matters, his attempted representation of his fellow inmates, and various other legal matters. Appellate counsel encouraged the Petitioner, expressed her belief that the Petitioner was innocent, sympathized with his feelings about being wrongly incarcerated, and advised the Petitioner regarding further steps for his defense of the instant convictions. The letters also reflect that appellate counsel visited the Petitioner on numerous occasions. The Petitioner admitted letters that appellate counsel had written the warden at the institution where the Petitioner was incarcerated, the mail room attendant at the same institution, and a business. In these letters, appellate counsel referred to herself as the Petitioner's attorney.

Appellate counsel's final letter to the Petitioner was dated July 16, 2008, and in this letter, appellate counsel provided further advice and said, "Also, look at 28 USC 2254 regarding any possible federal savings clause for a post[-]conviction relief action." The Petitioner testified that this was the first time he had heard about post-conviction relief. He said that after he received this letter, he spoke with another inmate about post-conviction relief and began drafting his petition, which was filed approximately one month and a half later.

Appellate counsel testified that after the direct appeal was denied, she told the Petitioner that she could no longer represent him and that he would have to file his application for permission to appeal to the supreme court. She told him that she would continue to offer advice but that she could not represent him relative to his appeal of the convictions. She said that she had his application for permission to appeal bound and filed but that she did not draft the application. She admitted that she never filed a motion to withdraw as his attorney but that she told him on February 4, 2005, that she was no longer representing him. She said that the Petitioner told her in July 2008, that he was seeking post-conviction relief and that she advised him that she could not continue to offer him advice until the post-conviction matter was resolved.

Appellate counsel testified that after the Petitioner's motion for new trial was denied, she advised him "[a]d nauseum" about filing a petition for post-conviction relief. She admitted that her letters did not reference any such advice but asserted that she discussed the possibility of post-conviction relief in their telephone conversations and during their in-person visits. She said that the letters only referenced issues they had not discussed on the telephone or during a visit.

Following the evidentiary hearing, the post-conviction court credited the testimony of appellate counsel and concluded that the Petitioner was informed of his right to seek post-conviction relief. The court found that "the application that [the Petitioner] filed is outside the [s]tatute of [l]imitations and that there is no basis for tolling the [s]tatute of [l]imitations."

ANALYSIS

The Petitioner contends that the post-conviction court erred in dismissing his petition because due process concerns necessitated the tolling of the statute of limitations when appellate counsel, who continued to represent him, failed to inform him of his right to seek post-conviction relief. The Petitioner further contends that as a result of appellate counsel's continued representation of him, he was precluded from representing himself and could not have filed the petition even if he were aware of his right to file such a petition. The State responds that the post-conviction court properly dismissed the petition as untimely when the record reflects that the Petitioner had been advised of his right to seek post-conviction relief. The State further responds that because appellate counsel was not required to advise the Petitioner of his right to seek post-conviction relief, he is not entitled to the tolling of the statute of limitations even if his allegations were true.

Tennessee's Post-Conviction Procedure Act provides that a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred."

Tenn. Code Ann. § 40-30-102(a) (2006). A trial court must dismiss any petition not filed within the limitations period. Tenn. Code Ann. § 40-30-106(b). This court affirmed the Petitioner's convictions on January 31, 2005, and his application for permission to appeal to the supreme court was denied on May 31, 2005. The Petitioner sought no further relief from his convictions until September 4, 2008, when he filed his petition for post-conviction relief. Therefore, the petition in this case, filed more than three years after the supreme court denied his application for permission to appeal, was untimely.

The Post-Conviction Procedure Act provides that a petition may be filed beyond the expiration of the one-year limitations period if the claim (1) is based on a constitutional right not existing at the time of trial; (2) is based on new scientific evidence; or (3) seeks relief from a sentence that was enhanced because of a previous conviction that was later held to be invalid. Tenn. Code Ann. § 40-30-102(b)(1)-(3). In addition to the statutory exceptions, the one-year limitations period may be tolled based on due process concerns, which dictate that strict application of the statute of limitations may not deny a petitioner a reasonable opportunity to assert a claim in a meaningful time and manner when the failure to file in a timely manner is due to circumstances beyond a petitioner's control. State v. McKnight, 51 S.W.3d 559, 563 (Tenn. 2001); Williams v. State, 44 S.W.3d 464 (Tenn. 2001); Seals v. State, 23 S.W.3d 272 (Tenn. 2000); Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995); Burfurd v. State, 845 S.W.2d 204, 208 (Tenn. 1992).

In determining whether due process concerns necessitate tolling of the statute of limitations based upon the rule announced in Burford, courts must utilize a three-step process:

1. [D]etermine when the limitations period would normally have begun to run;

2. [D]etermine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

3. [I]f the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands, 903 S.W.2d at 301 (quoting Burford, 845 S.W.2d at 208.). Here, the limitations period began to run on May 31, 2005. The Petitioner's grounds for relief were not later-arising because the alleged attorney misconduct – ineffective assistance of counsel – occurred before the expiration of the limitations period. Thus, due process concerns do not necessitate tolling of the statute of limitations pursuant to Burford.

Additionally, the Petitioner's alleged ignorance of the statute of limitations does not necessitate the tolling of the statute of limitations. Tyrice L. Sawyers v. State, No. M2007-02867-CCA-R3-PC, 2008 WL 5424031, at *4 (Tenn. Crim. App. Dec. 31, 2008), perm. app. denied (Tenn. Apr. 27, 2009). The Petitioner was aware that his application for permission to appeal had been denied and that appellate counsel was not intending to file anything on his behalf. Contra Williams, 44 S.W.3d at 471 (remanding the case to determine whether the petitioner was "misled to believe that counsel was continuing the appeals process"). Appellate counsel testified that she had informed the Petitioner that she was no longer acting as his attorney after his convictions were affirmed on direct appeal. Appellate counsel also testified that she advised the Petitioner concerning his right to file a petition for post-conviction relief. The Petitioner could and should have pursued this avenue of relief when his application for permission to appeal was denied. Accordingly, we conclude that due process concerns do not necessitate the tolling of the statute of limitations.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE